154 N.J. Super. 407 (1977)
381 A.2d 805
MICHAEL J. SANNER ET AL., PLAINTIFF-APPELLANT,
v.
FORD MOTOR COMPANY ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1977.
Decided December 2, 1977.
*408 Before Judges LYNCH, BISCHOFF and KOLE.
Mr. Morris Brown argued the cause for appellant (Messrs. Wilentz, Goldman & Spitzer, attorneys; Mr. Marvin J. Brauth on the brief).
Mr. James L. Melhuish argued the cause for respondent Ford Motor Company (Messrs. Morgan, Melhuish, Monaghan & Spielvogel, attorneys; Messrs. James L. Melhuish and Bernard A. Leroe on the brief).
PER CURIAM.
Plaintiff Michael J. Sanner brought this suit against defendant Ford Motor Company and others, seeking damages for injuries sustained when he was involved in an intersectional accident and thrown from an Army jeep-type vehicle. The vehicle was manufactured by Ford and the action against it was based on the alleged failure of the manufacturer to equip the vehicle with seatbelts and a roll bar.
Ford's motion for summary judgment was granted, and plaintiff appeals.
This is an interlocutory appeal, since the summary judgment did not resolve all issues as to all parties. Hudson v. Hudson, 36 N.J. 549, 553 (1962). R. 2:2-4. Nevertheless, we elect to treat the appeal as though plaintiff had sought leave to appeal, and we hereby grant leave to appeal nunc pro tunc and proceed to consider the merits of the case.
The facts are set out in detail in the opinion of the trial judge, which is reported in Sanner v. Ford Motor Co., et al, 144 N.J. Super. 1 (Law Div. 1976). For purposes of this *409 appeal it is necessary to note only that plaintiff was a passenger in an Army jeep-type vehicle, identified as M151A1, which was struck by a vehicle owned and operated by the other defendant. The M151AI was manufactured by defendant Ford in strict compliance with contract plans and specifications owned by the United States Government. Plaintiff maintained that the vehicle should have had seatbelts and that the lack of such a safety device constituted a dangerous defect.
The trial judge granted summary judgment to Ford on three grounds: (1) Ford had no duty to install seatbelts (2) under the circumstances of this case, plaintiff would not be able to show a dangerous defect, and (3) since defendant had manufactured the jeep in strict compliance with Government specifications as required by its contract, it could not, under any circumstances, be held liable for any defect in the vehicle.
We refrain from expressing any opinion as to the validity of reasons 1 and 2 and affirm the summary judgment essentially for the reasons stated by the trial judge in support of reason 3.
We agree with him that since defendant had no discretion with respect to the installation of seatbelts and since it strictly adhered to the plans and specifications owned and provided by the Government, Ford is protected from liability. While we recognize that the cases upon which the trial judge relied involve negligence rather than strict liability[1], we are nevertheless convinced that the underlying policy reasons for shielding the manufacturer from liability for acts done in manufacturing a product according to Government *410 plans are equally applicable in products cases to strict liability situations and negligence cases.
Plaintiff's reliance on Bexiga v. Havir Mfg. Corp., 60 N.J. 402 ((1972), and Finnegan v. Havir Mfg. Corp., 60 N.J. 413 (1972), is misplaced, for in those cases there was no evidence that the incorporation by the manufacturer of the safety device would render the machine unuseable for its intended purpose. Bexiga v. Havir Mfg. Corp., supra at 411. Here, the trial judge found there was a conscious, intentional determination by the United States Government that the installation of seatbelts would be incompatible with the intended use of the vehicle.
Affirmed.
NOTES
[1] Littlehale v. E.I. DuPont de Nemours & Co., 268 F. Supp. 791 (S.D.N.Y. 1966), aff'd 380 F.2d 274 (2 Cir.1967), does not hold, as the trial judge said it did, that compliance with Government specifications negated a duty of the manufacturer to issue warnings regarding blasting caps it produced. The judge in Littlehale specifically avoided deciding the case on that basis.